**Bela BORCSOK, Plaintiff–Appellant,**

v.

**William R. CROWE, Parole Commissioner, Vanessa A. Clarke, Parole Commissioner, Thomas Grant, Parole Commissioner, Marietta Gailor, Parole Commissioner, George C. Johnson, Parole Commissioner, William Smith, Parole Commissioner, New York State Board of Parole, Eliot Spitzer, Attorney General, Patrick Barnett–Mulligan, Assistant Solicitor, Jennifer Grace Miller, Assistant Solicitor General, Defendants–Appellees.**

No. 07–2345–cv.

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

Bela Borcsok, pro se.*

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, JED S. RAKOFF, District Judge.**

## SUMMARY ORDER

Bela Borcsok appeals from a May 3, 2007 memorandum-decision and order of the district court sua sponte dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We apply de novo review. *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

We affirm the district court's conclusions as to Borcsok's due process claim. "In order for a state prisoner to have an interest in parole that is protected by the

of New York, sitting by designation.

* Defendants–Appellees filed a letter with this Court explaining that they were never served and did not appear in the action below, and therefore decline to defend the appeal.

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis,* 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). This Court has held that the New York parole scheme "is not one that creates in any prisoner a legitimate expectancy of release," and thus "plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." *Id.* at 171. We also affirm the district court's conclusions that the government attorneys who represented New York State in an Article 78 proceeding brought by Borcsok are entitled to absolute immunity. We have held that absolute immunity applies even when a government attorney "*defends* a civil suit." *Barrett v. United States,* 798 F.2d 565, 572 (2d Cir.1986). Further, "[t]he fact that [the government attorney] may or may not have engaged in questionable or harmful conduct during the course of his representation of the State in that litigation is irrelevant. The immunity attaches to his function, not to the manner in which he performed it." *Id.* at 573.

Accordingly, the judgment of the district court hereby is AFFIRMED.